IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MITZI PADILLA, personally and as the
special administrator of the estate of
Jeremy Dale Adams**                                                    **PLAINTIFF**

**CASE NO. 4:24-cv-00771-BSM**

**DWIGHT MCINTURFF;
SHERIFF RODNEY WRIGHT;
and SALINE COUNTY SHERIFF'S OFFICE**                   **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## SALINE COUNTY SHERIFF'S OFFICE

As a matter of law, Plaintiff cannot bring suit against the Saline County Sheriff's Office because a "Sheriff's Office" is a building, not a "person" amenable to suit under 42 U.S.C. § 1983 - and certainly not as a Defendant separate and apart from the County itself (which is also a Defendant in this case). Accordingly, Plaintiff's Complaint in the instant case must be dismissed as against the purported Defendant "Saline County Sheriff's Office".

42 U.S.C. § 1983 provides for liability of "every person" who subjects another person to the deprivation of rights secured by the Constitution. Prior to 1972, the only "person" for the purposes of 42 U.S.C. § 1983 was a "natural person." In that year, however, the U.S. Supreme Court extended the meaning of "person" to include a recognized political or corporate entity. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). After *Monell*, a court must decide whether a defendant is a "person" and, therefore, an entity amenable to suit under 42 U.S.C. § 1983. That decision is made with reference to state law. *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988); Fed. R. Civ. Pro. 17(b).

A "Sheriff's Office" is not a separate entity capable of being sued. It is certainly not an entity

that can be sued separately from the County itself. *See, e.g., Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989); *Brown v. Crittenden County*, 2007 WL 4191730 (E.D. Ark. 2007)(Sheriff's Department not an entity capable of being sued); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. Appx. 436, 437 (8th Cir. 2001)(same);*Fausett & Co. v. Bogard*, 285 Ark. 124, 685 S.W.2d 153, 155 (Ark. 1985) ; *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Therefore, the purported Separate Defendant, Saline County Sheriff's Office, moves for the dismissal of any purported claim against it based on the foregoing.

Respectfully submitted,

*Saline County Sheriff's Office*
*Separate Defendant*

Michael A. Mosley
Michael A. Mosley
Ark. Bar. No. 2002099
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1312 W. Oak Street
Conway, Arkansas 72034
Telephone: (501) 764-4334
Telefax: (501) 764-9173
email: mosley@jowenslawfirm.com