IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MITZI PADILLA, personally and as the**
**special administrator of the estate of**
**JEREMY DALE ADAMSD**                                                                          **PLAINTIFF**

**CASE NO. 4:24-cv-00771-BSM**

**DWIGHT MCINTURFF, Individually and**
**In his Official Capacity as an employee**
**Of the Saline County Sheriff's Office;**
**RODNEY WRIGHT, Individually and in his**
**Official Capacity as the Saline County**
**Sheriff; Saline County, Arkansas**                                                             **DEFENDANTS**

## SEPARATE DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Come now the Defendants, Dwight McInturff and Sheriff Rodney Wright, in their individual and official capacities, and Saline County, Arkansas (referred to collectively herein as the "Defendants"), and for their Answer to Plaintiff s' Amended Complaint, do state the following:

1.      Defendants state that the law speaks for itself and assert that no response is required to paragraphs 1 through 3 of the Amended Complaint. To the extent a response is required, Defendants deny the allegations in those paragraphs due to their full and complete denial of any and all wrongdoing alleged.

2.      Regarding paragraph 4 of the Amended Complaint, upon information and belief, Defendants admit Jeremy Dale Adams died and was shot. Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations at this time and, thus, deny the same and deny any and all wrongdoing alleged.

3.      Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the Amended Complaint at this time and, thus, deny the same and deny any and all wrongdoing alleged.

4.      Regarding paragraph 6 of the Amended Complaint, Defendants admit Dwight McInturff is an adult male. Defendants admit at a time he was 75 years of age. The remaining allegations state conclusions of law and assert characterizations of events which are denied. Thus, the remaining allegations are denied to the extent they are incorrect statements of law and due to the fact they contain characterizations of events which are denied. Any allegations of wrongdoing are denied.

5.      Defendants admit Rodney Wright is the Sheriff of Saline County, Arkansas. Defendants admit he is an adult male. The remaining allegations state conclusions of law not requiring a response; to the extent a response is required, any allegations of wrongdoing in paragraph 7 are denied.

6.      Paragraph 8 states conclusions of law not requiring a response; to the extent a response is required, Saline County is a local government in Arkansas. Any remaining allegations are denied due to Defendants' full and complete denial of any and all allegations of wrongdoing.

7.      Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 state characterizations of events and incorrect conclusions of law which Defendants deny. Thus, Defendants deny the allegations of those paragraphs due to Defendants' denial of wrongdoing alleged therein.

8.      Saline County policies speak for themselves. Any allegations of wrongdoing in paragraph 21 are denied.

9.      Saline County policies speak for themselves. Any allegations of wrongdoing in paragraph 22 are denied.

10. Saline County policies speak for themselves. Any allegations of wrongdoing in paragraph 23 are denied.

11. The Fourth Amendment to the United States Constitution speaks for itself. Paragraph 24 states incorrect conclusions of law not requiring a response; to the extent a response is required, Plaintiff has incorrectly asserted conclusions of law that Defendants deny.

12. Regarding paragraph 25 of the Amended Complaint, Defendants admit the Saline County, Arkansas, employed the individually named Defendants and that the Sheriff is an elected position within Saline County, Arkansas. The remaining allegations in part state conclusions of law not requiring a response and in part state allegations that are incorrect and denied. Any allegations of wrongdoing are denied.

13. Defendants deny the allegations of paragraph 26 and deny any and all allegations of wrongdoing.

14. Paragraph 27 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

15. 42 U.S.C. § 1983 speaks for itself and any allegations of wrongdoing are denied. Paragraphs 28, 29, 30, 31, 32, 33, and 34 of the Amended Complaint state conclusions of law not requiring a response; to the extent a response is required, Defendants assert the law speaks for itself and deny any and allegations of wrongdoing alleged. Thus, those paragraphs are denied.

16. Paragraph 35 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

17. The Fourth Amended to the United States Constitution speaks for itself. Paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45 of the Amended Complaint in part state conclusions of law not requiring a response and in part state characterizations of events that are denied.

Defendants state that the law speaks for itself and deny the characterization of events as alleged. Thus, the allegations of those paragraphs are denied.

18. Paragraph 46 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

19. Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, and 55 of the Amended Complaint state conclusions of law not requiring a response; to the extent a response is required, Defendants state that the law speaks for itself, deny Plaintiff's incorrect legal conclusions, and deny any and allegations of wrongdoing asserted in those paragraphs. Thus, those paragraphs are denied.

20. Paragraph 56 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

21. Arkansas law including the Arkansas Civil Rights Act speaks for itself. Paragraphs 57, 58, 59, and 60 state conclusions of law not requiring a response; to the extent a response is required, Defendants assert that the law speaks for itself and deny any and all wrongdoing asserted in those paragraphs.

22. Paragraph 61 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

23. Paragraphs 62, 63, 64, 65, 66, 67, 68, and 69 in part state conclusions of law and in part state characterizations of events which are denied. Defendants assert the law speaks for itself and Defendants deny the characterization of events alleged in those paragraphs. Defendants admit that the Decedent was shot. Other than that fact, they allegations of the aforementioned paragraphs are denied.

24. Paragraph 70 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

25. Paragraphs 71, 72, 73, 74, and 75 state conclusions of law not requiring a response; to the extent a response is required, Defendants assert the law speaks for itself, deny all incorrect legal conclusions, and deny any and all allegations asserted in those paragraphs.

26. Paragraph 76 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

27. Paragraphs 77, 78, 79, 80, 81, 82, and 83, assert in part conclusions of law. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 78, 79, 80, and 81 and, thus, deny the same. To the extent a response to the allegations in paragraphs 77 through 83 is required, Defendants assert the law speaks for itself and deny any and all allegations of wrongdoing. Defendants deny Plaintiff is entitled to the requested relief or any relief whatsoever.

28. Paragraph 84 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

29. Paragraphs 85, 86, 87, 88, 89, 90, and 91 assert conclusions of law not requiring a response; to the extent a response is required, Defendants assert the law speaks for itself, deny all incorrect conclusions of law, assert all applicable state and federal immunities, assert negligence fails to state a claim upon which relief can be granted, assert vicarious liability is inapplicable, and deny any and all allegations of wrongdoing alleged in those paragraphs. Defendants deny Plaintiff is entitled to the requested relief or any relief whatsoever.

30. Paragraph 92 reincorporates prior allegations of the Amended Complaint. Defendants reincorporate their responses herein to those allegations and deny wrongdoing.

31.     Paragraphs 93, 94, 95, 96, and 97 assert conclusions of law not requiring a response; to the extent that a response is required, Defendants state the law speaks for itself and deny any and all allegations of wrongdoing asserted in those paragraphs.

32.     Defendants deny the allegations in part "V. REQUEST FOR RELIEF" and the WHEREFORE clause of the Amended Complaint including subparagraphs A, B, C, D, E, and F. Any allegations of wrongdoing in those paragraphs are denied and Defendants deny the Plaintiff is entitled to the requested relief and deny Plaintiff is entitled to any relief whatsoever.

33.     The Defendants respectfully demand a trial by jury on all genuine issues of material fact.

34.     The Defendants specifically and expressly deny each and every allegation of Plaintiff's Amended Complaint not specifically and expressly admitted herein.

35.     The Defendants assert and reserve the right to file an Amended Answer or other responsive pleading(s) and/or to assert additional affirmative and other defenses after she has had a chance to investigate the claims and allegations in Plaintiff's Amended Complaint.

## **AFFIRMATIVE DEFENSES**

8.     The Defendants assert the following affirmative defenses:

   A.     Punitive damages immunity, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981);

   B.     Qualified immunity is affirmatively pleaded by all Defendants under state and federal law;

   C.     Tort inapplicability and immunity, statutory tort immunity, and state statutory "immunity from suit for damages," all of which bar negligence and all other tort claims, *see* Ark. Code Ann. §21-9-301;

D. The Defendants have no applicable liability insurance, *see* Ark. Code Ann. §21-9-301;

E. All applicable immunities, including but not limited those otherwise pleaded herein, in addition to sovereign immunity and the immunity afforded by the acquired-immunity doctrine;

F. Vicarious liability is inapplicable to the Defendants, who also affirmatively plead statutory vicarious liability/*respondeat superior* immunity, *see* Ark. Code Ann. §21-9-301(b);

G. The Defendants are not proper parties to a tort action in any event, *see* Ark. Code Ann. § 23-79-210;

H. Justification and privilege under federal and state law;

I. Mootness, as applicable;

J. Waiver/Estoppel/Laches, as applicable;

K. Common Defense Doctrine as found applicable;

L. No standing, as applicable,

M. Comparative fault and contributory negligence by the decedent, as applicable;

N. No proof of causation by any acts or omission of the Defendants;

O. Assumption of Risk and unclean hands by the decedent, as applicable;

P. Intervening and superseding cause(s);

Q. Comparative fault and contributory negligence;

R. Lack of foreseeability;

S. The Defendants avail themselves of all applicable defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure;

T. The Plaintiff has failed to state a claim upon which relief can be granted;

U. The Defendants avail themselves of all statute of limitations defenses applicable to this claim, including, but not limited to Ark. Code Ann. 16-56-101, *et seq.*;

V. The Defendants reserve and preserve the right to assert any available counterclaims and/or third-party claims under Fed. R. Civ. Proc. 13 & 14;

W. While denying that any of the Defendants are guilty of, and/or liable for, any negligence or other wrong which caused or contributed to cause injuries to the plaintiff, the Defendants pray for an apportionment of fault, including, but not limited to apportionment among joint tortfeasors who are found to be negligent pursuant to the Uniform Contribution Among Joint Tortfeasors Act, as enacted in the State of Arkansas. A.C.A. § 16-61-201 et seq.;

X. While denying the Defendants are responsible for any damages, Defendants state that plaintiff suffered from conditions which predated any events alleged in the Complaint and Amended Complaint for which the Defendants are not responsible;

Y. The Defendants affirmatively plead all relevant and/or governing case, constitutional, and/or statutory law;

Z. The Defendants affirmatively plead and assert that any claim for punitive damages is pre-empted by the federal statutory and regulatory scheme;

AA. The Defendant affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained and must be dismissed because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity, because such an

8

    award would violate the defendants' due process and equal protection rights, amongh other problems;

BB. The Defendants pleads all affirmative defenses allowed by law pursuant to Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to, insufficient process; insufficient service of process to the extent found applicable; and

CC. The Plaintiff and any heirs of the Plaintiff are barred from "shoehorning" any alleged damages to the heirs into a 42 U.S.C. §1983 or Arkansas Civil Rights Action action.

WHEREFORE, the Defendants respectfully request that Plaintiff's Amended Complaint be dismissed and for any and all other just and proper relief to which they are entitled.

            Respectfully submitted,

            DWIGHT MCINTURFF and
            RODNEY WRIGHT, Individually and in
            their Official Capacities, Saline County, Arkansas
            *Separate County Defendants*

            <u>Michael A. Mosley</u>
            Michael A. Mosley
            Ark. Bar No. 2002099
            JASON OWENS LAW FIRM, P.A.
            **Mailing Address:** P.O. Box 850
            Conway, Arkansas 72033-0850
            **Physical Address:** 1312 W. Oak Street
            Conway, Arkansas 72034
            Telephone: (501) 764-4334
            Telefax: (501) 764-9173
            Email: mosley@jowenslawfirm.com