IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MITZI PADILLA, personally and as the**
special administrator of the estate of
**JEREMY DALE ADAMSD**                                          **PLAINTIFF**

CASE NO. 4:24-cv-00771-BSM

**DWIGHT MCINTURFF, Individually and**
**In his Official Capacity as an employee**
**Of the Saline County Sheriff's Office;**
**RODNEY WRIGHT, Individually and in his**
**Official Capacity as the Saline County**
**Sheriff; And the Saline County Sheriff's**
**Office**                                                        **DEFENDANTS**

## AGREED PROTECTIVE ORDER

Defendants are providing Dwight McInturff's personnel records and other records to Plaintiff's counsel. Many of the requested documents contain sensitive, personal information. In order to permit Plaintiff adequate access to the records necessary to completely present his case herein, and, at the same time to address privacy concerns, it is hereby ORDERED:

1. Counsel for Defendants have agreed to produce personnel files of employee which may contain sensitive financial, familial, medical and other personal information and/or confidential records. All personal information such as addresses, social security numbers, phone numbers, and other personal identifying information are considered private and sensitive and will be redacted. Any private and sensitive information produced in response to a discovery request shall be considered confidential. Information designated as "Confidential" that has not been redacted must not be filed on the public docket. If practical, information designated as "Confidential" will be redacted pursuant to Fed. R. Civ. P. 5.2. If redaction and public filing is

1

impractical, then any confidential record shall be clearly marked as confidential and filed under seal.

2. Confidential information or records does not include documents or information that are available pursuant to the Arkansas Freedom of Information Act (FOIA), and the protective order does not bestow confidentiality or protection from disclosure to information or documents publicly accessible through the AFOIA.

3. The documents contained in the files shall be provided in a redacted form (redacting personally sensitive information such as SSNs, birth dates, names and contact information of family members etc.), and shall be considered confidential.

4. Defendants shall designate, in writing, all evidence and information that is Confidential. Until this written designation, Plaintiff shall treat all files presented as Confidential.

5. All confidential information provided hereunder shall be used only for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither Plaintiff nor Plaintiff's counsel may utilize directly or indirectly the confidential information or records, documents made available pursuant to this Order in any other administrative complaint, proceeding, or civil action.

6. All confidential information provided hereunder shall be retained in the custody of the Plaintiff's counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Plaintiff's counsel may also provide copies of such confidential information to any expert witness[es] retained by the Plaintiff or persons frequently employed by such expert[s] whose review of the material is necessary for the Plaintiff's prosecution in this litigation.

7. If confidential documents, records, or information, are used during depositions, that portion of the deposition shall be treated as confidential in accordance with this Order. Any party wanting to designate a portion of a deposition as confidential should do so at the time of the deposition or within 10 days of the transcript being produced.

8. Plaintiff, Plaintiff's counsel and their staff and any retained expert witness/witnesses shall not in any manner, directly or indirectly, transfer confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person.

9. Within thirty (30) days of the final termination of this action, including all appeals, Plaintiff's counsel shall return all documents and any copies thereof to counsel for Defendants. If the documents are not needed prior to the termination of this action, counsel shall immediately return them to defense counsel.

10. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

11. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

12. Confidentiality designations are to be made in good faith, and if the parties cannot agree on the designation, it will be the designating party's burden to prove confidentiality.

13. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on

the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

14. This Order does not waive the right of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

15. Should a discovery dispute arise, counsel should confer in good faith before bringing any discovery dispute before the Court. If the parties reach a discovery impasse, a joint report explaining the disagreement shall be filed.

IT IS SO ORDERED THIS ___17th___ DAY OF _____March_____, 2025.

_____
United States District Judge

<u>Agreed to by Defense Counsel</u>:

<u>Michael A. Mosley</u>
Michael A. Mosley
Ark. Bar No. 2002099
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1312 W. Oak Street
Conway, Arkansas 72034
Telephone: (501) 764-4334
Email: mosley@jowenslawfirm.com

<u>Agreed to by Plaintiff's Counsel</u>:

Mr. Johnson Ogles
Ogles Law Firm, P.A.
200 South Jeff Davis
Jacksonville, AR 72076
Email: jogles@aol.com

5