# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

MITZI PADILLA, personally and as the
special administrator of the estate of
JEREMY DALE ADAMS                                       **PLAINTIFF**

### CASE NO. 4:24-cv-00771-BSM

DWIGHT MCINTURFF, Individually and
In his Official Capacity as an employee
Of the Saline County Sheriff's Office;
RODNEY WRIGHT, Individually and in his
Official Capacity as the Saline County
Sheriff; Saline County, Arkansas                           **DEFENDANTS**

### <u>AFFIDAVIT</u>

| | |
|---|---|
| STATE OF ARKANSAS | ) |
| | )    ss: |
| COUNTY OF SALINE | ) |

Comes now Saline County Sheriff Rodney Wright, and states, upon oath and on personal knowledge (except where indicated), the following:

1. I am the Sheriff of Saline County, Arkansas. I held the same position in November 2023.

2. In light of the size of the department described above, I necessarily delegate responsibility for most day-to-day activities to subordinate officers through a chain of command in each division. Those officers are expected to perform those day-to-day tasks pursuant to policies I have implemented for the department. This chain of command, in addition to other mechanisms like camera systems, reporting requirements, post-incident investigations, and other mechanisms, also provides for the comprehensive supervision of Sheriff's office employees.

3.     Reserve deputies at the Saline County Sheriff's Office are trained under a comprehensive training system that meets or exceeds the requirements of state law. This training includes the definition and application of probable cause and the laws of arrest, the use of force, the proper application of handcuffs, and training in the policies of the Sheriff's office.

4.     My policies for the Saline County Sheriff's Office require that arrests be made only with a warrant or upon probable cause and allows force to be used only when and as reasonably necessary to bring an incident under control, to protect the lives or safety of officers or others, and/or to achieve other legitimate objectives of the office.

5.     As the Sheriff, I am a custodian of the records of the Saline County Sheriff's office. Attached hereto are true and correct copies (except that my attorney has added hand-printed page numbers for ease of use) of various records from and policies of the Sheriff's office. These are regularly kept in the ordinary course business at the Sheriff's office. The records attached are as follows:

a.     First November 16, 2023 911 Audio Recording

b.     Second November 16, 2023 911 Audio Recording

c.     Officer McInturff's Training Records

d.     Use of Force and Firearms Policies

6.     Saline County does not carry any liability insurance that would cover any claim made in *Padilla v. McInturff* et al., Case No. 4:24-cv-00771-BSM, Eastern District of Arkansas. Saline County is a member of the Association of Arkansas Counties Risk Management Fund (AACRMF) (a separate legal entity from the Association of Arkansas Counties, a statutorily created county advocacy organization), which provides non-insurance coverage for certain

constitutional and civil rights claims, but expressly excludes and precludes all claims for tort, negligence and negligent conduct of any kind.

7. The AACRMF is not insurance as various courts have held. *Hearnsberger v. Bradley County*, Case No. 06-CV-1081, 1007 WL 2350287 (W.D. Ark. Aug. 16, 2007); *Estate of Rodriguez by Castillo v. Union County*, Case No. 1:23-CV-1006, 2024 WL 3553281 (W.D. Ark. July 26, 2024).

_____
Sheriff Rodney Wright

_____
Date

On this 8th day of December, 2025, before me, the undersigned Notary Public, personally appeared **Sheriff Rodney Wright,** known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF I hereunto set my hand and official seal.

YANETE CASTILLO
NOTARY PUBLIC
SALINE COUNTY, ARKANSAS
COMM. EXP. 12/29/31
COMMISSION NO. 12717329

_____
Notary Public

My commission expires:

\_\_\_\_12/29/31\_\_\_\_
(S E A L)

## McInturff, Dwight D.

### Certifications

| Name | Issued | Expiration | Status |
|------|--------|-----------|--------|
| RADAR OPERATOR | 02/01/2016 | 08/30/2025 | Pending Employment (Active) |

### Training

**Upcoming, Ongoing, & Unconfirmed**

| Course/Title (Course No.) | Training Dates | | Grade | Status | Training Category | Hours |
|---|---|---|---|---|---|---|
| ONLINE TRAINING - 2024 Duty to Intervene Online | 01/24/2024 | | | Assigned | Basic | 1h 0m |
| ONLINE TRAINING - 2024 INTERACTION AND DE-ESCALATION OF INDIVIDUALS ON THE AUTISM SPECTRUM | 01/24/2024 | | | Assigned | Basic | 1h 30m |
| ONLINE TRAINING - 2024 Racial Profiling Online | 01/24/2024 | | | Assigned | | 4h 0m |
| | | | | | **Total Hours** | **(6h 30m)** |

**Current Period to Date  (01/01/2024 - 09/17/2024)**

| Course/Title (Course No.) | Training Dates | | Grade | Status | Training Category | Hours |
|---|---|---|---|---|---|---|
| AGENCY IN-SERVICE TRAINING - Haz Mat ERG Awareness - 001 | 07/23/2024 | 07/25/2024 | | Graduated - 07/25/2024 | Basic | 2h 0m |
| AGENCY IN-SERVICE TRAINING - 2024-2428 Radar Operator - 001 | 07/08/2024 | 07/08/2024 | | Graduated - 07/08/2024 | Basic | 8h 0m |
| AGENCY IN-SERVICE TRAINING - 2024-2002 Duty to Intervene and Post Custody Care ONLINE Criminal Justice Institute, UA System - 002 | 02/01/2024 | 02/29/2024 | | Graduated - 02/29/2024 | Basic | 2h 0m |
| AGENCY IN-SERVICE TRAINING - 2024-1006 Racial Profiling Online Criminal Justice Institute, UA System - 001 | 01/21/2024 | 02/20/2024 | | Graduated - 02/20/2024 | Basic | 4h 0m |
| AGENCY IN-SERVICE TRAINING - 2024-931 Use of Force ONLINE - 001 | 01/07/2024 | 02/06/2024 | | Graduated - 02/06/2024 | Basic | 8h 0m |
| | | | | | **Total Hours** | **(24h 0m)** |

**Previous Period  (01/01/2023 - 12/31/2023)**

| Course/Title (Course No.) | Training Dates | | Grade | Status | Training Category | Hours |
|---|---|---|---|---|---|---|
| AGENCY IN-SERVICE TRAINING - 2023-1194 SWAT Monthly Training - 009 | 07/27/2023 | 07/27/2023 | | Graduated - 07/27/2023 | Basic | 12h 0m |

| Course/Title (Course No.) | Training Dates | | Grade | Status | Training Category | Hours |
|---|---|---|---|---|---|---|
| HANDGUN 15 YARD QUALIFICATION | 06/15/2023 | 06/15/2023 | N/A | Completed | Basic | 2h 0m |
| | | | | | **Total Hours** | **(14h 0m)** |

## Other Periods  (through 12/31/2022)

| Course/Title (Course No.) | Training Dates | | Grade | Status | Training Category | Hours |
|---|---|---|---|---|---|---|
| HANDGUN 15 YARD QUALIFICATION | 05/24/2022 | 12/01/2022 | N/A | Completed | Basic | 2h 0m |
| ONLINE TRAINING - 2022 RACIAL PROFILING ONLINE | 05/12/2022 | 05/12/2022 | | Completed - Passed | Mandatory Retraining | 4h 0m |
| AGENCY IN-SERVICE TRAINING - 2022-1577 Testifying In Court - 001 | 05/09/2022 | 05/09/2022 | | Graduated - 05/09/2022 | Basic | 4h 0m |
| ONLINE TRAINING - 2022 AGENCY-CRITICAL TASK | 01/13/2022 | 01/13/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 HRCT - SUICIDE ARARENESS IN JAILS | 01/13/2022 | 01/13/2022 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2022 HRCT-CARE, CUSTODY, CONTROL AND RESTRAINT OF PRISONERS | 01/13/2022 | 01/13/2022 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2022 HRCT - POLICE INVOLVED EMPLOYEE DOMESTIC VIOLENCE | 01/12/2022 | 01/12/2022 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2022 HRCT - PROPERTY AND EVIDENCE | 01/12/2022 | 01/12/2022 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2022 HRCT - PUBLIC SAFETY EMPLOYEE RETALIATION COMPLAINTS | 01/12/2022 | 01/12/2022 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2022 ESSENTIAL POLICIES FOR EFFECTIVE AND REASONABLE IA INVESTIGATIONS | 01/11/2022 | 01/12/2022 | | Completed | CLEST | 1h 30m |
| ONLINE TRAINING - 2022 HOME ENTRIES 3 | 01/11/2022 | 01/11/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 HOME ENTRIES 4 | 01/11/2022 | 01/11/2022 | | Completed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 HOME ENTRIES 5 | 01/11/2022 | 01/11/2022 | | Completed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 HRCT NECK RESTRAINTS | 01/11/2022 | 01/11/2022 | | Completed - Passed | CLEST | 1h 0m |
| ONLINE TRAINING - 2022 DEADLY FORCE | 01/07/2022 | 01/07/2022 | | Completed | CLEST | 0h 45m |
| ONLINE TRAINING - 2022 DE-ESCALATION | 01/07/2022 | 01/07/2022 | | Completed | CLEST | 1h 30m |
| ONLINE TRAINING - 2022 HOME ENTRIES 1 | 01/07/2022 | 01/07/2022 | | Completed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 HOME ENTRIES 2 | 01/07/2022 | 01/07/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 DUTY TO INTERVENE | 01/06/2022 | 01/06/2022 | | Completed - Passed | CLEST | 1h 0m |
| ONLINE TRAINING - 2022 DUTY TO PROTECT CITIZENS | 01/06/2022 | 01/06/2022 | | Completed | CLEST | 0h 45m |
| ONLINE TRAINING - 2022 VALOR MENTAL HEALTH AND WELLNESS | 01/06/2022 | 01/06/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR OFFICER INVOLVED SHOOTING | 01/06/2022 | 01/06/2022 | | Completed - Passed | CLEST | 0h 30m |

| Course | Start | End | | Status | Source | Hours |
|---|---|---|---|---|---|---|
| ONLINE TRAINING - 2022 VALOR PHYSICAL HEALTH AND WELLNESS | 01/06/2022 | 01/06/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR CASUALTY CARE-TOURNIQUETS | 01/05/2022 | 01/05/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR DEADLY FORCE | 01/05/2022 | 01/05/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR FOOT PURSUITS | 01/05/2022 | 01/05/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR RESPONDING TO INDIVIDUALS IN CRISIS | 01/05/2022 | 01/05/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR AMBUSH ATTACKS | 01/04/2022 | 01/04/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR CASULATY CARE-GET OFF THE X | 01/04/2022 | 01/04/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR CHARACTERISTICS OF WEAPON CONCEALMENT | 01/04/2022 | 01/04/2022 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2022 VALOR COMMON INDICATORS OF A POTENTIAL ATTACK | 01/04/2022 | 01/04/2022 | | Completed - Passed | CLEST | 0h 30m |
| HANDGUN 15 YARD QUALIFICATION | 12/18/2021 | 12/18/2021 | N/A | Completed | Basic | 2h 0m |
| ONLINE TRAINING - 2021 DUTY TO INTERVENE | 11/19/2021 | 11/19/2021 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2021 HOME ENTRIES 4 | 11/19/2021 | 11/19/2021 | | Completed | CLEST | 0h 30m |
| ONLINE TRAINING - 2021 HOME ENTRIES 5 | 11/19/2021 | 11/19/2021 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - #CALMISCOURAGEOUS | 11/16/2021 | 11/16/2021 | | Completed | CLEST | 1h 30m |
| ONLINE TRAINING - 2021 HOME ENTRIES 3 | 11/16/2021 | 11/16/2021 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2021 HRCT-DEMONSTRATIONS, MASS PROTESTS AND THE OCCUPY MOVEMENT | 11/16/2021 | 11/16/2021 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2021 HRCT-RESPONSE TO RESISTANCE USE OF FORCE | 11/16/2021 | 11/16/2021 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2021 HRCT-USE OF FORCE MOVING FORWARD | 11/16/2021 | 11/16/2021 | | Completed - Passed | CLEST | 1h 0m |
| AGENCY IN-SERVICE TRAINING - 2021-1415 Law Enforcement Summit 2021 - 001 | 10/05/2021 | 10/05/2021 | | Graduated - 10/05/2021 | Basic | 8h 15m |
| ONLINE TRAINING - 2021 ARKANSAS MEDICAL MARIJUANA ACT | 09/29/2021 | 09/29/2021 | | Completed | CLEST | 1h 0m |
| ONLINE TRAINING - 2021 DE-ESCALATION | 09/29/2021 | 09/29/2021 | | Completed | CLEST | 1h 30m |
| ONLINE TRAINING - 2021 ARKANSAS CRIME LAB FORENSIC CHEMISTRY AND TOXICOLOGY | 09/21/2021 | 09/21/2021 | | Completed | CLEST | 2h 0m |
| ONLINE TRAINING - 2021 DEADLY FORCE | 09/21/2021 | 09/21/2021 | | Completed | CLEST | 0h 45m |
| ONLINE TRAINING - 2021 HOME ENTRIES 1 | 09/21/2021 | 09/21/2021 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2021 HOME ENTRIES 2 | 09/21/2021 | 09/21/2021 | | Completed - Passed | CLEST | 0h 30m |
| ONLINE TRAINING - 2021 HRCT - YOU MAKE THE CALL 2A | 09/21/2021 | 09/21/2021 | | Completed - Passed | CLEST | 0h 30m |

| Course | Start | End | | Status | Type | Hours |
|---|---|---|---|---|---|---|
| ONLINE TRAINING - 2021 RACIAL PROFILING | 09/18/2021 | 09/18/2021 | | Completed - Passed | Mandatory Retraining | 2h 0m |
| AGENCY IN-SERVICE TRAINING - 2020-574 Taser X26P - 004 | 10/12/2020 | 10/12/2020 | | Graduated - 10/12/2020 | Basic | 8h 0m |
| HANDGUN 15 YARD QUALIFICATION | 06/15/2020 | 06/19/2020 | N/A | Completed | Basic | 2h 0m |
| AGENCY IN-SERVICE TRAINING - 2020-30 ACIC BASIC Level I - 045 | 06/04/2020 | 06/04/2020 | | Graduated - 06/04/2020 | Basic | 4h 0m |
| HANDGUN 15 YARD QUALIFICATION | 03/21/2020 | 03/31/2020 | N/A | Completed | Basic | 2h 0m |
| AGENCY IN-SERVICE TRAINING - 2020-544 Use of Force Online - 001 | 02/05/2020 | 02/13/2020 | | Graduated - 02/13/2020 | Basic | 6h 0m |
| AGENCY IN-SERVICE TRAINING - 2020-473 Crisis Intervention Response Online - 003 | 02/05/2020 | 02/11/2020 | | Graduated - 02/11/2020 | Basic | 2h 0m |
| AGENCY IN-SERVICE TRAINING - 2020-805 Spike Strip Operator - 001 | 02/08/2020 | 02/08/2020 | | Graduated - 02/08/2020 | Basic | 3h 0m |
| AGENCY IN-SERVICE TRAINING - 2020-460 Active Shooter Threat Assessment & Threat Leakage - 001 | 01/30/2020 | 01/30/2020 | | Graduated - 01/30/2020 | Basic | 7h 0m |
| AGENCY IN-SERVICE TRAINING - 2020-350 School Safety Refresher Online - 001 | 01/13/2020 | 01/21/2020 | | Graduated - 01/21/2020 | Basic | 6h 0m |
| AGENCY IN-SERVICE TRAINING - Racial Profiling Online - 082 | 01/06/2020 | 01/13/2020 | | Graduated - 01/13/2020 | Basic | 3h 0m |
| HANDGUN 15 YARD QUALIFICATION | 04/26/2019 | 04/27/2019 | N/A | Completed | Basic | 2h 0m |
| AGENCY IN-SERVICE TRAINING - School Safety Refresher Online - 012 | 02/05/2019 | 02/11/2019 | | Graduated - 02/11/2019 | Basic | 6h 0m |
| AGENCY IN-SERVICE TRAINING - Racial Profiling Online - 021 | 01/24/2019 | 01/30/2019 | | Graduated - 01/30/2019 | Basic | 3h 0m |
| AGENCY IN-SERVICE TRAINING - Domestic Violence Online - 010 | 01/11/2019 | 01/17/2019 | | Graduated - 01/17/2019 | Basic | 7h 0m |
| Level 2 CJIS Security Training | 12/05/2018 | 12/05/2018 | N/A | Passed | | 1h 0m |
| Radio Procedure and Etiquette (2018-1948) | 12/05/2018 | 12/05/2018 | N/A | Passed | | 2h 0m |
| Use of Force (2018-1469) | 12/05/2018 | 12/05/2018 | N/A | Passed | | 4h 0m |
| ONLINE TRAINING - SUPREME COURT UPDATE-DUI TESTING & REFUSALS | 10/05/2018 | 10/07/2018 | | Completed - Passed | | 0h 15m |
| ONLINE TRAINING - HOME ENTRIES 1 | 10/05/2018 | 10/05/2018 | | Completed - Passed | Basic | 0h 30m |
| ONLINE TRAINING - USE OF FORCE 1 | 10/05/2018 | 10/05/2018 | | Completed - Passed | Mandatory Retraining | 0h 45m |
| AGENCY IN-SERVICE TRAINING - 2018-1001 HANDGUN 25 YARD - 119 | 05/17/2018 | 05/17/2018 | | Graduated - 05/17/2018 | Mandatory Retraining | 2h 0m |
| AGENCY IN-SERVICE TRAINING - Use of Force Online - 004 | 04/19/2018 | 04/27/2018 | | Graduated - 04/27/2018 | Basic | 6h 0m |
| AGENCY IN-SERVICE TRAINING - Law Enforcement Response to Persons with Behavioral Health Issues Online - 003 | 03/08/2018 | 03/14/2018 | | Graduated - 03/14/2018 | Basic | 7h 0m |
| AGENCY IN-SERVICE TRAINING - Crime Scene Investigation Online - 002 | 02/20/2018 | 02/26/2018 | | Graduated - 02/20/2018 | Basic | 12h 0m |
| AGENCY IN-SERVICE TRAINING - Crime Scene First Responder for the Uniformed Officer Online A | 02/07/2018 | 02/13/2018 | | Graduated - 02/13/2018 | | 2h 0m |
| AGENCY IN-SERVICE TRAINING - Racial Profiling Online - 008 | 02/05/2018 | 02/09/2018 | | Graduated - 02/09/2018 | Basic | 3h 0m |

# Training History Report

Arkansas Commission on Law Enforcement Standards and Training

Reported by Acadis® Readiness Suite       09/17/2024

For:   **McInturff, Dwight D.**
CLEST-ID   **4667-4836**

| Course | Start | End | | Status | Type | Hours |
|---|---|---|---|---|---|---|
| AGENCY IN-SERVICE TRAINING - Racial Profiling Online - 006 | 01/05/2018 | 01/09/2018 | | Graduated - 01/09/2018 | Basic | 3h 0m |
| Annual Firearms Qualifications (2017-131) | 02/10/2017 | 12/31/2017 | N/A | Completed | Mandatory Retraining | 3h 0m |
| Civil Process (2017-1848) | 07/18/2017 | 07/18/2017 | N/A | Completed | | 6h 0m |
| Racial Profiling Online (2017-645) | 04/04/2017 | 04/10/2017 | N/A | Completed | | 3h 0m |
| Firearms Qualification (2016-61) | 10/27/2016 | 10/27/2016 | N/A | Completed | | 3h 0m |
| TASER TRAINING (2016-810) | 04/24/2016 | 04/24/2016 | N/A | Completed | | 8h 0m |
| RACIAL PROFILING ONLINE (2016-461) | 04/15/2016 | 04/21/2016 | N/A | Completed | | 3h 0m |
| RADAR OPERATOR (2015-2428) | 12/10/2015 | 12/11/2015 | N/A | Completed | | 16h 0m |
| PART TIME II/AUXILLARY (2013-2589) | 02/06/2014 | 03/25/2014 | N/A | Completed | | 125h 0m |

**Total Hours**   **(327h 30m)**

A grade of ## indicates that the weights for this class are not valid and grades cannot be calculated.

# FIREARMS INFORMATION FORM

## My WEAPON IS A:

☑ 9mm semi-automatic  ☐ .40 cal semi-automatic  ☐ .45 cal semi-automatic

☐ Other:_____

Weapon Serial Number: _BJYB711_

Weapon Make and Model: _Glock 45_

| Name (Printed) | Agency: |
|---|---|
| Dwight McInturff | SCSO |

Signature: _Dwight McInturff_

Date: _12/18/2021_

Have you qualified with a firearm? ☒ Yes ☐ No

If Yes: Name of Firearms Instructor: _Sgt. Webb / Lt. Shamlin_

Date of Qualification: _450 12/18/2021_

Score: _450_

# SALINE COUNTY SHERIFF'S DEPARTMENT
## IN-HOUSE QUALIFICATION

On _June 1, 2022_ at the Saline County Deputy Sheriff's Association Range, Officer
Date

_Dwight McIntuff_        _4667-4836_
Name                 CLEST #

was qualified for pistol carry at the sheriff's department. They were qualified on the

standard departmental qualification. They were qualified by

_R. Parsons_
Firearms Instructor(s)

Firearm and serial number: _BTY B 711_     _G 45_

Scores were as follows: _416_
Score(s)

Make / Model   Serial #            Score

_____    _____

_____    _____

_____    _____

_____    _____

Firearms Instructor _R. Parsons_



# Saline County Sheriff's Office

## In-House Qualifications



On ___6/15/23___ at the Saline County Deputy Sheriff's Association Rage, Deputy
Date

___Dwight McInturf___        ___46667-4836___
Name                          CLEST #

was qualified for pistol carry at the Saline County Sheriff's Office. They were qualified on the standard departmental qualifications. They were qualified by;

___J. Shaulin___              ___9957-0998___
Firearms Instructor(s)          CLEST #

Firearm: ___G45___            Serial Number: ___B̶I̶7̶ BTYB 713___

Scores were as Follows: ___440___

---

## Additional On duty Weapon Qualifications

| Make | Model | Serial # | Score |
|------|-------|----------|-------|
|      |       |          |       |
|      |       |          |       |
|      |       |          |       |
|      |       |          |       |

Deputy Signature _____

Firearms Instructor Signature _____



UNIVERSITY OF ARKANSAS SYSTEM

CRIMINAL JUSTICE INSTITUTE

This is to certify that

# Dwight D. McInturff

has successfully completed the 6 hour course

## Use of Force Online

**CLEST# 20-544**

**February 5 - 13, 2020**

Director
Criminal Justice Institute

Assistant Director, Law Enforcement Management Division
Criminal Justice Institute



UNIVERSITY OF ARKANSAS SYSTEM

## CRIMINAL JUSTICE INSTITUTE

This is to certify that

# Dwight D. McInturff

has successfully completed the 2 hour course

## Crisis Intervention Response for Law Enforcement Online

**CLEST# 2020-473**

**February 5 - 10, 2020**



_____
Director
Criminal Justice Institute

_____
Assistant Director, Law Enforcement Management Division
Criminal Justice Institute



**UNIVERSITY OF ARKANSAS SYSTEM**

**CRIMINAL JUSTICE INSTITUTE**

This is to certify that

# Dwight D. McInturff

has successfully completed the 7 hour course

## Active Shooter Threat Assessment & Threat Leakage

**CLEST# 20-460**

**January 30, 2020**



_Cheryl P. May_
Director
Criminal Justice Institute

_Vicki French_
Arkansas Center for School Safety Coordinator
Criminal Justice Institute



## UofA
### UNIVERSITY OF ARKANSAS SYSTEM
### CRIMINAL JUSTICE INSTITUTE

This is to certify that

# Dwight D. McInturff

has successfully completed the 6 hour course

## School Safety Refresher Online

**CLEST# 20-350**

**January 13, 2020 - January 21, 2020**



_____
Director
Criminal Justice Institute

_____
Arkansas Center for School Safety Coordinator
Criminal Justice Institute



# UofA

## UNIVERSITY OF ARKANSAS SYSTEM

### CRIMINAL JUSTICE INSTITUTE

This is to certify that

# Dwight D. McInturff

has successfully completed the 3 hour course

## Racial Profiling Online

**CLEST# 20-1006**

**January 6 - 13, 2020**



_____
Director
Criminal Justice Institute

_____
Education and Training Center Administrator
Criminal Justice Institute



**THOMPSON DRIVING**

Safe driving is what we do.

9108 N. Rodney Parham Rd Suite 210, Little Rock, AR 72205

# DWIGHT MCINTURFF

## NAMED DID APPEAR AND COMPLETE PROGRAM:
## DEFENSIVE DRIVING # 201A

*Approved by:*
*Arkansas Department of Finance & Administration*
*Office of Driver Services*
**REFERRED BY: SALINE COUNTY SHERIFF'S OFFICE**

## Saline County Sheriff's Office
**BENTON, AR**



Robert Bennett
Course Instructor
501-223-8848
office@thompsondriving.com

08/23/2021

This certificate is valid for three years.

www.thompsondriving.com
**Serving Central Arkansas for over 67 years!**

# Oath of Office

## Saline County Sheriff's Office
### 735 S. Neeley, Benton, AR 72015



I, __DWIGHT McInturff__, do solemnly swear or affirm that I will support the Constitution of the United States of America and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the position of Deputy Sheriff for the County of Saline, on which I am about to enter.

_____
Signature of Deputy

Sworn to and subscribed before me, a duly commissioned and acting Judge, in and for the County of Saline, State of Arkansas:

On this __15th__ day of __June__, 20__23__.

_____     _____
Judge's Signature                          Sheriff's Signature

# COMMISSION ON LAW ENFORCEMENT STANDARDS AND TRAINING
# CONFIRMATION OF PSYCHOLOGICAL EVALUATION

**TO THE HEAD OF THE LAW ENFORCEMENT AGENCY:**

This form should be presented to the professional providing psychological evaluation for the purpose of police officer certification. Upon completion of the psychological evaluation, the examining professional should sign the appropriate statement and this form should be returned to the law enforcement agency. This form should then be attached to the Initial Employment Report (Form F-1) and be returned to the Commission on Law Enforcement Standards and Training office. The confidential results of the examination should be kept in the applicant's permanent personnel file.

**TO THE EXAMINING PSYCHOLOGIST OR PSYCHIATRIST:**

No applicant will be eligible for certification if they have any condition listed in the Diagnostic and Statistical Manual IV (DSMIV) or later manual of the American Psychiatric Association which would limit the police officer's ability to cope with the stress of modern day police. Applicants must be certified as meeting these criteria by and individual licensed to practice psychology or psychiatry and qualified to perform such evaluations in the State of Arkansas. Upon completion of the evaluation, please sign the appropriate statement and return this document to the law enforcement agency so that it may be forwarded to the Commission on Law Enforcement Standards and Training office for inclusion in the applicant's file.

Dwight McInturff

Applicant's Name

Saline County Sheriff Department

Referred By (Employing Agency)

I have examined and/or evaluated tests administered to the above referenced individual. Under the provisions of the Arkansas Commission on Law Enforcement Standards and Training, Specification S-7, I find that this applicant is ☑ (RECOMMENDED) ☐ (NOT RECOMMENDED) to be certified. The results of this examination are being forwarded to the employing agency.

*NOTE: Please indicate the recommendation.

Signature of Examining Professional

06/16/2023
Date

501-766-0221
Telephone Number

13612 Rivercrest Drive
Street Address

Little Rock, AR 72212
City and State

Saline County Sheriffs Office
Department or Agency Submitting

7/17/23
Date

CPT
Signature of Department Head

# COMMISSION ON LAW ENFORCEMENT STANDARDS AND TRAINING
## INITIAL EMPLOYMENT REPORT

**1. Check One:**
Full Time Officer ☐
Part Time Officer ☐
Auxiliary Officer ☑
Specialized Officer ☐
Type:

(To be completed and submitted to the Commission within ten (10) days after officer is employed.)

| 2. Social Security No. | 3. Last Name McInturff | 4. First Name Dwight | 5. Middle Name Douglas | Email |
|---|---|---|---|---|

| 6. Date of Birth | 7. Place of Birth – City Erwin County Unicoi State TN | 8. Drivers License Number: ( | 9. Title of Position Auxillary Deputy Sheriff |
|---|---|---|---|

| 10. Type of Agency State ☐ County ☑ Municipal ☐ | 11. Name of Agency Saline County Sheriff's Office | 12. Agency Address 735 S. Neeley Street |
|---|---|---|
| | 13. Agency City & ZIP Code Benton 72015 | 14. County of: Saline | 15. Contact Phone Number (501) 303-5609 |

| 16. Date of Hire 7-17-23 | 17. Ethnic Group (Check appropriate box) Black ☐  Asian ☐  American Indian ☐  Caucasian ☑  Spanish Surnamed ☐  Other ☐ |
|---|---|

| 18. Sex (Check One) Male ☑ Female ☐ | 19. General Education (Check One) High School ☑  GED ☐  Less than High School ☐ | 20. College Hours (Attach original transcript or notarized copy of original transcript) |
|---|---|---|

| 21. College Major | 22. College Degree (Check degree held and attach notarized copy of degree) Associate ☐  Baccalaureate ☐  Masters ☐  Doctorate ☐ |
|---|---|

**23. Name of College from which Degree received or last attended (if no Degree)**

| 24. Date Degree received or last attended | 25. Total years of prior Law Enforcement Experience 9.0 (List prior Law Enforcement Experience below) |
|---|---|

| 26. Department Name Saline County Sheriff's Office | 27. From (Date) 04/25/2014 | 28. To (Date) 10/01/2018 |
|---|---|---|
| 29. Department Name Saline County Sheriff's Office | 30. From (Date) 08/08/2019 | 31. To (Date) 08/15/2022 |

**32. Has the officer attended a Basic Police Training Course?**
Yes ☑
No ☐
If yes: Date Completed: 03/25/2014
Location of Training: Saline County Sheriff's Office Auxillary course

**33. Highest Law Enforcement Certification held by Officer (Specify Type)**

Basic ☐  General ☐  Intermediate ☐  Advanced ☐  Senior ☐  PT I ☐  PT II ☐  Aux ☑  Spec. ☐

**34. Has the Officer:**
(This section must be completed on all law enforcement officers before employment date.)

| | | Yes | No |
|---|---|:---:|:---:|
| a. | Verified being a citizen of the United States? | ☑ | ☐ |
| b. | Verified of being at least twenty-one (21) years of age? | ☑ | ☐ |
| c. | Been fingerprinted and prints submitted to the ASP and FBI for Criminal Records check? | ☑ | ☐ |
| d. | Been checked and found not to have entered a plea of guilty or been convicted of a felony at anytime. (Pardoned or otherwise) | ☑ | ☐ |
| e. | Been investigated as to background? | ☑ | ☐ |
| f. | Examined by a physician and psychiatrist or licensed psychologist under Regulation 1002 (2)(g) and (i)? | ☑ | ☐ |
| g. | High School graduate or GED? | ☑ | ☐ |
| h. | Been interviewed by personnel of this department and found to be suitable for appointment as a law enforcement officer? | ☑ | ☐ |
| i. | A valid driver's license? | ☑ | ☐ |

**DEPARTMENT INTERVIEW**

35. Did the Interview Board recommend employment or appointment? (Yes ☑ ) (No ☐ )

Date Conducted      06/12/2023

Board made up of      CPT. Joey Shamlin
(Department Head)

Others

I hereby attest that to the best of my knowledge the information on this form is true and correct.

| Signature of Employee | Deputy | 7/17/23 |
|---|---|---|
| | Rank | Date |
| Signature of Department Administrator or Designate (NO STAMP) | Captain | 7-17-23 |
| | Rank | Date |

**SWORN AND SUBSCRIBED BEFORE ME**

NOTICE – False swearing is a Class A misdemeanor.

NOTARY PUBLIC, this ___17___ day

Of ___July___, 20_23_.

My Commission expires _4-26-27_.

Revised 03-23

Agency Heads should be aware of 12-9-602 of the Arkansas Code which, in part states: Before employing or appointing a law enforcement officer, a subsequent employing agency must contact the commission to inquire as to the facts and reasons a law enforcement officer became separated from any previous employing agency.

OFFICIAL SEAL
Jennifer Hallman-Baggett
Saline COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires 04-26-27
Commission No. 12706768

## Saline County Sheriff's Office

| Policy: |
|---|
| **Section 4.1** |
| **Use of Force (Response to Resistance)** |

| References: |
|---|
| AR Code § 5-2-610<br>ALEAP Standards 3.02, 6.01, 6.02, 6.03, 6.06, 6.07, 6.08, 6.09, 6.10 |

| **Replaces:**<br>096 | **Date Implemented:**<br>9/1/18<br>**Revision/Review**<br>07-28-2022 | **Issuing Authority:**<br><br>_____<br>**Rodney Wright, Sheriff** |
|---|---|---|

I. **Purpose:** The purpose of this policy is to direct deputies in the appropriate use and reporting of force.

II. **Policy:** In order to protect and serve all citizens and visitors within this jurisdiction; respect the rights of suspects; and maximize deputy safety in response to resistance events, it is the policy of the Saline County Sheriff's Office that deputies will only use reasonable force to bring an incident or event under control and that all response to resistance events directed against active resistance be reported and reviewed as outlined in this policy. All uses of force must be objectively reasonable. The deputy must only use the force which a reasonably prudent deputy faced with the same or similar circumstances would use.

III. **Definitions:**

   A. **"Deadly Force":** Any force that creates a substantial likelihood of causing serious bodily harm or death.

   B. **"Non-Deadly Force":** All uses of force other than those that are substantially likely to cause serious bodily harm or death.

   C. **"Imminent":** Impending or about to occur or circumstances are such that it is reasonable to believe it is impending or about to occur.

   D. **"Objectively Reasonable":** The amount of force that would be used by other reasonable and well-trained deputies when faced with the circumstances with which the deputy using the force is presented.

   E. **"Reasonable Belief":** Reasonable belief means that the person concerned, acting as a reasonable person, believes that the prescribed facts exist.

F. **"Serious Bodily Harm/Injury"**: Serious bodily injury shall mean bodily injury which involves a substantial risk of death, or which involves substantial risk of serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body.

G. **"Active Resistance"**: a subject actively resists when they take affirmative action to defeat a deputy's ability to take them into custody.

H. **"Passive Resistance"**: A subject who takes no affirmative action to defeat the member's ability to make an arrest but who does not respond to verbal commands and presents a refusal to move by sitting down or acting as dead weight.

I. **"Electronic Control Device"**: Electronic Control Devices, TASER™, or stun-guns (electronic control weapons) that disrupt the central nervous system of the body.

## IV. Response to Resistance Procedure:

A. In determining the appropriate level of force, deputies should apply the levels of force under the Sheriff's Office's trained response to resistance options, along with the following three factor test:

1. How serious was the offense the deputy suspected at the time the particular force was used?

2. What was the physical threat to the deputy or others?

3. Was the subject actively resisting or attempting to evade arrest by flight?

B. **Arkansas statutory law provides:**

1. A law enforcement officer is justified in using non-deadly physical force or threatening to use deadly physical force upon another person if the law enforcement officer reasonably believes the use of non-deadly physical force or the threat of use of deadly physical force is necessary to:

   a. Effect an arrest or to prevent the escape from custody of an arrested person unless the law enforcement officer knows that the arrest is unlawful; or

   b. Defend himself or herself or a third person from what the law enforcement officer reasonably believes to be the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape.

2. Deadly Force: The use of deadly force is objectively reasonable when:

   a. The deputy is faced with an imminent threat of serious bodily harm or death to himself or herself or some other person who is present, or;

b. To prevent the escape of an individual in cases where the deputy has probable cause to believe that the subject has committed a violent felony involving the infliction or threatened infliction of serious bodily harm or death <u>AND</u> by the subject's escape, he or she poses an imminent threat of serious bodily harm or death to another. (Fleeing Felon case law.)

c. Deputies should warn the subject prior to using deadly force when feasible.

d. Under Arkansas Law: A law enforcement officer is justified in using deadly physical force upon another person if the law enforcement officer reasonably believes that the use of deadly physical force is necessary to:

   i. Effect an arrest or to prevent the escape from custody of an arrested person whom the law enforcement officer reasonably believes has committed or attempted to commit a felony and is presently armed or dangerous; or

   ii. Defend himself or herself or a third person from what the law enforcement officer reasonably believes to be the use or imminent use of deadly physical force.

**C.** Once the subject's active resistance has ceased and control has been gained, a deputy is no longer authorized to use force. Deputies should immediately provide any necessary medical assistance to the subject to the degree to which they are trained and/or provide for emergency medical response where needed and when reasonable to do so.

**D. Force Options:** Deputies have several force options that will be dictated by the actions of the suspect upon the appearance of the deputy. Deputies may be limited in their options due to the circumstances and actions of the subject. In any given circumstance there will be a range of options that may be reasonable. At no time should these options be considered a ladder which must be attempted one progressive step at a time. For example, a deputy who immediately observes a subject with a firearm unjustifiably threatening another may immediately respond with deadly force without considering other force options.

   1. **Command Presence:** Visual appearance of the deputy where it is obvious to the subject, due to the deputy's uniform or identification, that the deputy has the authority of law.

   2. **Verbal Commands:** Words spoken by the deputy directing the subject as to the deputy's expectations.

   3. **Soft Empty Hand Control:** Deputy's use of hands on the subject to direct the subject's movement; techniques that have a low potential of injury to the subject.

   4. **Chemical Spray:** Where subject exhibits some level of active resistance/active aggression, deputies may use officially authorized chemical spray to temporarily incapacitate the subject.

   5. **Electronic Control Devices:** Where subject exhibits some level of active resistance/active aggression deputies may use an officially authorized electronic control device to temporarily incapacitate the subject.

6. **Hard Hand Control:** Punches and other physical strikes, including knees, kicks, and elbow strikes that have the possibility of creating a stunned mental state and/or motor dysfunction.

7. **Impact Weapons:** Batons, ASP/Expandable Batons, other impact weapons as allowed by office policy, or weapons of opportunity as may be dictated by the circumstances facing deputies may be utilized in cases where the deputies believe the use of these weapons would be reasonable to bring the event under control. Examples would be where other options have been utilized and failed or when, based on the deputy's belief at the time, the other options would not be successful in bringing the event to a successful conclusion.

8. **Canine:** Use of canine to bite and hold subject to prevent escape or to gain control of a subject who is actively aggressing toward a deputy. Prior to deployment of a canine, a warning in the form of an announcement should be made when reasonable to do so.

9. **Deadly Force:** Force that creates a substantial likelihood of causing serious bodily harm or death.

## E. Firearms Restrictions:

1. Warning Shots are prohibited.

2. Discharge of firearms is prohibited when the deputy is presented with an unreasonable risk to innocent third parties.

3. Discharging a firearm at an occupied vehicle is prohibited unless deadly force is justified.

   a. Deadly force may be justified in this circumstance if, for example, the suspect is using the vehicle as a weapon by, for example, driving the vehicle directly at the deputy or another person and the deputy reasonably believes there is an imminent threat of serious bodily harm or death to another.

4. Whenever possible, officers should avoid placing themselves in a position where use of deadly force is the only alternative.

## F. Less Than Lethal Weapons/Tactics:
Prior to deployment of any less than lethal weapon, deputies must be trained and certified where applicable in the proper use of the weapon. All deployments must be consistent with the Saline County Sheriff's Office response to resistance training and policy.

1. **Chemical Spray:**

   a. Chemical Spray shall not be deployed as a compliance technique for a person who is passively or verbally non-compliant.

   b. Chemical Spray shall never be used as a punitive measure.

c. Deputies should never spray from a pressurized can directly into a subject's eyes from a close distance due to the potential for eye injury as a result of the pressurized stream. Deputies should never spray directly into a subject's eyes from closer than three feet or the distance recommended by the manufacturer of the spray (whichever is shorter), unless deadly force would be justified.

d. Deputies should consider alternatives to chemical spray when attempting to control a subject in a crowded-enclosed area due to the innocent, unintended, over-spray that may cause the onset of panic.

e. Deputies should consider alternatives to chemical spray when the event is inside a building, particularly where the building has a closed-ventilation system, due to the potential impact on innocent persons who may have to be evacuated (temporarily) from the location.

f. Once control is gained, deputies should immediately provide for the decontamination of the subject when reasonable and practical to do so.

g. If the person shows any signs of physical distress or does not recover in a reasonable amount of time, deputies should immediately direct an emergency medical response and render first-aid at the degree for which they are trained.

2. **Impact Weapons:** Batons, ASP/Expandable Batons

a. Impact weapons may be utilized in cases where the deputies believe the use of these weapons would be reasonable to bring the event under control.

b. Examples would be when other options have been utilized and failed or when based on the deputy's perception at the time, the other options would not be successful in bringing the event to a successful conclusion.

c. Deputies shall not intentionally strike a person with an impact weapon where it would create a substantial likelihood of causing serious bodily harm or death, unless the use of deadly force would be justified.

**G. Other Techniques Considered "Use of Force" by the Saline County Sheriff's Office:**

1. Pursuits

a. All pursuits, which will be conducted pursuant to the office pursuit policy, are considered a use of force and shall be reported as noted in this policy.

2. Pitting Maneuver

a. While use of the pitting maneuver is highly discouraged, there may arise an exigent circumstance when it is necessary. In these cases, it will only be

conducted by a deputy who has successfully completed training in conducting the maneuver.

    b. The use of the pitting maneuver is considered a use of force and shall be reported as noted in this policy.

**V. Reporting Response to Resistance:**

**A.** Whether on or off duty, deputies will report responses to resistance, via approved office response to resistance form, (Form found on K Drive; Forms Folder, Patrol, General Use, Use of force Report) when one of the following force options are utilized in response to active resistance:

1. Chemical Spray;

2. Electronic Control Devices;

3. Hard Hand Control;

4. Impact Weapons;

5. Pointing of Firearms: Any time a deputy points a firearm at an individual, notwithstanding the fact that deadly force is not ultimately deployed, is a reportable event under this policy. This does not include drawing a firearm and maintaining at the low-ready position;

6. Firearms Discharges: Any intentional or unintentional discharge of a firearm, not inclusive of training scenarios or approved humane life terminations of injured animals;

7. Canine Use: Use of the office's canine will be reported on a special form to capture any form of use whether there is contact with a subject or not;

8. Deadly Force; and/or

9. Any incident, arrest, or circumstance, which in the deputy's or supervisor's opinion involved a physical confrontation necessitating documentation of circumstances.

**B.** Deputies involved in an incident where a reportable response to resistance did not involve death or serious bodily injury, the deputy will:

1. Notify their supervisor as soon as practical;

2. Document the response to resistance via the appropriate report, and;

3. Complete the approved office response to resistance form and forward to his or her immediate supervisor prior to ending his or her tour of duty. The form will be completed in detail including a narrative account describing the following:

a. Actions of the subject that necessitated a response;

b. Force utilized in overcoming the resistant subject;

c. Injuries or complaints thereof sustained by the subject and/or deputy, and;

d. Medical treatment received.

**C.** Deputies involved in an incident where a reportable response to resistance involved death, serious bodily injury, or the discharge of a firearm will notify the on duty and/or designated supervisor immediately.

**D.** In the event of a reportable response to resistance involving death or serious bodily injury, the deputy will ensure that the following occurs:

1. Criminal Investigation: A Detective/Investigator will respond to the scene, conduct an investigation, and complete the initial applicable reports. In the event there is no available personnel for this purpose or the office believes it is in its best interest to request an outside department conduct the investigation, they may utilize an outside department (such as Arkansas State Police) for this purpose.

2. Deputies are reminded that a criminal investigation will be conducted and that criminal liability may attach to their actions. In order to ensure deputies' 5th amendment protections are not violated; the following procedure is established:

   a. Deputies will be removed from the scene as soon as practical;

   b. Deputies will be allowed time to reflect about their actions and speak with an attorney if they desire prior to any criminal questioning, and;

   c. Deputies are not required to submit to a criminal investigative interview and are subject to 5th Amendment protections if they so choose.

3. Internal Investigation: Deputies should understand that an Internal Affairs Investigation may begin at any time as determined by the Sheriff or his or her designee. Internal Affairs Investigations will be separate and distinct from the criminal investigation. Prior to Internal Affairs interview, Garrity warnings will be issued and signed by the deputy investigated. Involved deputies are required to provide truthful information to internal affairs investigators, are not afforded protection under the 5th Amendment to the United States Constitution, and therefore may not refuse to provide complete and truthful information. Internal Affairs Investigations will follow procedures established under separate policy.

4. Deputies involved in the use of deadly force, or who have been involved in a traffic accident in which it appears that serious injury or death has occurred to a person, shall be removed from the line of duty (an active enforcement position) and place in an administrative status until an administrative review is completed.

**E. Supervisory Responsibilities:**

1. If available, an on-duty supervisor will respond to the scene of all incidents involving a reportable response to resistance.

2. Irrespective of duty status, supervisory and investigative staff, delineated under separate policy or directive, will respond to all response to resistance events involving death or serious bodily injury (or the likelihood thereof).

3. The ranking supervisor at the scene of an incident involving a reportable response to resistance will ensure that adequate investigation is conducted, forensic evidence is preserved, video-graphic evidence is obtained, case investigation is sufficiently reported, and that response to resistance forms are completed. In those cases where a supervisor is not present, the Reporting Deputy will ensure that adequate investigation and all required reports are completed.

4. For all response to resistance events not involving death or serious bodily injury, the deputy's immediate supervisor or the supervisor responding to the scene will review the response to resistance form and preliminary investigative information to determine policy compliance. The supervisor will meet with the involved deputy/deputies to discuss the event, review policy, and clarify any matters of concern. The supervisor will forward the response to resistance form via the chain of command to the Sheriff or his or her designee. If at any time during the supervisor's review he or she believes that a serious policy infraction or criminal act occurred, the supervisor will immediately cease investigation and forward all information to the Sheriff or his or her designee. The designee responsible for the investigation will conduct a logical investigation per the Saline County Sheriff's Office policy.

5. All response to resistance events involving death or serious bodily injury will be reviewed for legal and policy compliance by the Sheriff or his or her designee.

**F. Internal Reporting Following the Use of Force:**

1. When a Use of Force Report is generated, a packet must be submitted with details of that particular incident.

2. Additionally, the Sheriff has made it mandatory that first-line supervisors prepare a memorandum to the Chief Deputy, through the appropriate Captain, with his or her recommendation as to the handling/investigation of the use of force.

   a. For example, the first-line supervisor may advise that in his or her opinion there was no violation of policy. Further, the first-line supervisor may advise that a policy violation occurred. In this instance, the first-line supervisor will make a written recommendation in this memorandum as to what consequences should follow.

3. A copy of the Use of Force Report and Incident Report shall be submitted by the deputy who used the force by the end of his or her shift.

4. The complete packet must be submitted to the Chief Deputy within two weeks, however should be done within one week of practicable, and shall include the following:

    a. Use of Force Report

    b. Incident Report and Witness Statements

    c. CAD Log

    d. Photographs of the individual whom the deputy used force against

    e. Medical Records (i.e., medic notes, medic report, hospital report, etc.)

    f. ACIC Printout

    g. Memorandum from the first-line supervisor

    h. A copy of this policy

**G. Annual Response to Use of Force (Response to Resistance):**

1. All applicable reports regarding the use of force (response to resistance) will be maintained, reviewed, and audited on an annual basis.

2. This annual audit shall be more than just a compilation of statistics, but rather an analysis, presented to the Sheriff, with conclusions about the Saline County Sheriff's Office use of force and whether any policies need revision, any additional training is needed, or any equipment changes are necessary.

**H. Obligation to Intervene while on and off-duty:**

1. An officer of the SCSO has an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated in his or her presence by other officers.

2. Officers of this agency also have a duty to intervene when they observe or hear conduct by a fellow member of this agency that is unethical, clearly violates the law of violates this agency's policy.

3. This agency is committed to protection officer who act on their duty to intervene to prevent or minimize misconduct by another department member.

    a. **Use of Force:** Officers of this agency have an affirmative duty to intervene if they witness a use of force that is clearly unreasonable. Any officer present and observing another officer using force that is clearly beyond that which is reasonable under the circumstances shall, when in a position to safely do so, intervene to prevent the use of unreasonable force. An officer who observes another employees use of force that exceeds the degree of force permitted by law should promptly report these observations to a supervisor.

b. Officers of this agency must recognize and act upon the duty to intervene to prevent or stop any member from conducting any act that is unethical, or that violates the law or a SCSO policy (e.g., excessive force, theft, fraud, inappropriate language, sexual misconduct, harassment, falsifying documents, inappropriate behavior, etc.). Intervention may be verbal and/or physical. Failure to intervene may subject an officer of this department to disciplinary and or legal action.

4. **REQUIRED ACTION – DEPARTMENT MEMBER**

a. Officers should take a preventative approach toward misconduct. When an officer observes behavior that suggests another officer is about to conduct illegal, unethical or inappropriate behavior the officer should intervene verbally or physically depending on the circumstances.

b. Notify a supervisor after conducting any type of intervention, when safe to do so.

c. When a physical intervention was performed, document the incident in writing.

5. **Supervisor Responsibilities:**

a. Once learning of an incident involving an officer intervening with another officer, separate all officers involved in the incident.

b. Conduct a preliminary investigation to gather any pertinent information that would coincide with the reason for the intervention (e.g., witnesses BWC footage, videos, area canvass, etc.).

c. Ensure all parties involved in the incident complete a report detailing the circumstances that led to the intervention and what, if anything, occurred once the member intervened.

d. Determine whether the actions leading to the intervention constituted misconduct, unethical behavior, or potential criminal conduct and create a report.

e. If appropriate, recommend recognition for intervening members actions.

I. **Training:**

**1.** Sworn personnel will receive appropriate Level 2 and Level 3 annual training regarding the use of force.

a. Use of force (to include local, state and federal laws pertaining to use of force as well as what constitutes use of force and consequences of use of force).

b. Methods of De-escalation, and

c. Obligations to intervene in order to prevent excessive force by another officer

## Saline County Sheriff's Office

| Policy: |
| --- |
| **Section 4.2** |
| **Firearms** |

| References: | | | |
| --- | --- | --- | --- |
| CLEST Standard 1026<br>ALEAP Standards 3.01, 3.03, 6.04, 6.05, 13.13 | | | |
| **Replaces:**<br>038, 039 | **Date Implemented:**<br>9/1/18<br>**Revision/Review**<br>07/16/22 | **Issuing Authority:**<br><br>_____<br>**Rodney Wright, Sheriff** | |

## I. Purpose:

**A.** It is the purpose of this policy to provide deputies with guidelines associated with the use, maintenance, and safety of agency-authorized firearms, as well as to mandate bi-annual qualification on all authorized duty weapons, whether issued or personally owned but authorized to be carried on duty.

## II. Policy:

**A.** All sworn personnel of the Saline County Sheriff's Office are required to be competent in the proper and safe use of the variety of issued and authorized-for duty-carry firearms. Deputies are required to qualify on the range with said weapons annually. Further, no deputy shall carry any weapon on duty that has not been authorized for carry by the Sheriff or his or her designee, nor shall any deputy carry any weapon on which he or she has not qualified during their most recent qualification attempt.

## III. Procedures:

### A. Primary Service Firearm

1. The primary service firearm shall be worn with the authorized on-duty uniform. This includes on-duty deputies working in a plainclothes assignment, as well.

2. The primary service firearm shall be carried in an issued or authorized security holster while on-duty.

## B. Secondary Firearm

1. Deputies may carry additional firearms provided that they are issued and/or authorized for carry while on-duty.

2. Any additional firearms shall be carried in an issued or authorized security holster while on-duty.

## C. Non-Issued Firearms

1. Deputies must obtain authorization from the Sheriff or his or her designee to carry any non-issued firearms when on-duty or, under cover of law enforcement authority, when off-duty.

a. Authorization will be issued via a memorandum seeking approval from the Sheriff or his or her designee routed through the deputy's chain of command. A copy of this memorandum is contained at the end of this policy section.

b. Documentation noting approval shall be kept in the deputy's personnel file.

2. Deputies must qualify annually on said firearms.

## D. Authorized Off-Duty Firearms

1. When armed off-duty, deputies shall carry and utilize all firearms off-duty in accordance with established laws that pertain to the carrying and usage of a firearm.

2. Further, even when off-duty, when armed, deputies shall carry and utilize all firearms in accordance with this policy.

## E. Shotguns

1. Deputies shall qualify annually with the shotgun prior to carrying it on duty or off duty under the color of law enforcement.

2. Shotguns assigned to deputies shall be secured in either the vehicle's shotgun rack or secured in the trunk in an approved shotgun case. Weapons issued to patrol units will be secured in an armory or other approved location when a vehicle is down for service or repair.

3. Shotguns shall be carried in office vehicles with the breech closed, chamber empty, magazine full, and the safety on.

4. Under no circumstances shall a shotgun be placed in the rack with a round in the chamber or with the safety off.

## F. Rifles

1. Deputies shall qualify annually with the rifle prior to carrying it on duty or off duty under the color of law enforcement.

2. Rifles shall be secured in either a vehicle rifle rack or secured in the trunk in an approved rifle case.

3. Rifles shall be carried in official duty vehicles with the chamber empty, the bolt forward, on safe, with a fully loaded magazine seated in the magazine well, and the dust cover closed.

4. Deputies without an assigned vehicle shall remove the rifle from the vehicle at the end of the shift and store the rifle in an approved location as prescribed by the Sheriff's Office.

## G. Requirements for Carrying Firearms

1. Deputies must carry their primary firearm when on duty, when in uniform even if off duty, when in a Sheriff's Office vehicle even when off duty.

2. Deputies are encouraged, but are not required, to carry an authorized firearm while off duty.

3. When armed, under the color of law enforcement authority, whether on-duty or off-duty, deputies are required to have in their possession their badge, their official identification, and handcuffs.

4. When off-duty, deputies will not wear a firearm in such a manner so as to attract attention of, or be in open view to the public.

5. All records regarding firearm authorization and qualification will also be maintained by the office's firearms/training personnel.

6. No deputy will be armed while under suspension, unless possession of a firearm is in compliance with existing state statutes regarding the use and possession of firearms by the general public. In such instance, however, the suspended deputy shall not be armed with an issued firearm.

## H. Firearm Modifications/ Maintenance

1. Authorized firearms shall be maintained in a clean and safe operating condition and are subject to inspection at any time by a supervisor.

2. Defective, unsafe, lost, damaged, or unauthorized firearms shall be reported immediately to the deputy's supervisor.

3. Repairs or modifications to department issued firearms shall be made only by an authorized armorer.

4. All authorized and issued firearms will be inspected annually by the firearms/training staff during qualifications or any other time annually.

5. Deputies shall not make modifications to off-duty weapons after inspection. Any repairs or modification will require that the weapon be re-submitted to the designated armorer for inspection.

## I. Ammunition

1. The Sheriff's Office will provide all ammunition for required training and on-duty use for all issued firearms.

2. Only issued ammunition will be carried for duty in issued firearms. Ammunition will not be modified.

3. For personally owned authorized firearms, the deputy shall be responsible for his/her ammunition and the ammunition must be approved by the firearms/training staff.

## J. Qualification

1. All deputies shall be required to qualify with each authorized firearm on an annual basis.

2. All deputies shall be graded on a CLEST certified course and must obtain a minimum score of 80% to be qualified on the firearm.

3. All deputies are subject to additional proficiency standards at the direction of the Sheriff or his or her designee. These include, but are not limited to, proficiency testing at night and in reduced light situations, in combat simulation, and when using both weak and strong hands.

4. Except in the event of an equipment malfunction, only three (3) attempts at qualification per firearm will be permitted per shooting day.

5. Firearm instructors have the authority and responsibility to disqualify any officer for substandard firearms proficiency. This includes disqualification on the basis of unsafe handling or insufficient firearms familiarization.

## K. Failure to Qualify

1. Deputies who fail to qualify annually to CLEST standards with the primary service firearm and/or any firearm that he or she has been authorized to carry shall be relieved of said firearm, reassigned to restricted duty, and be subject to the following process.

   a. The deputies shall be notified and shall promptly arrange with the training/firearms staff for a period of formal remedial firearms training. Such training does not preclude a deputy from engaging in any additional informal practice or training sessions that the deputy or supervisor may deem necessary.

   b. The deputy shall be given additional attempts to re-qualify within a reasonable period of time. If the deputy fails to qualify again, the firearms/training staff will document the failure and make a recommendation to the Sheriff for corrective action.

   c. If a deputy fails to qualify with a firearm that is not required for the deputy's duty assignment, they shall not be permitted to carry that firearm. However, the deputy may remain on duty if he or she has qualified with their primary duty firearm.

## L. Firearms Safety and Security

1. Every deputy, both on and off duty, is personally responsible for the safe handling and storage of all of his or her firearms and ammunition.

2. Every deputy shall adhere to all firearms safety instructions provided by the firearms/training staff at all times.

3. Alcohol and Medication:

   a. No deputy shall possess or carry a firearm at any time while under the influence of any intoxicating beverage or impairing medication.

4. Removal of a firearm from its holster or other carrying device for other than authorized purposes (such as for tactical use, training, qualification, inspection, or cleaning and maintenance) is strictly prohibited. Any careless, flippant, or casual use or display of a firearm shall constitute a violation of this policy and may result in disciplinary action.